| | |
|---|---|
| THOMAS R. NEWTON,<br>RACHEL J. NEWTON, | Case No: 22-CV-01236 |
| Plaintiffs, | |
| v. | |
| SINDHUJA DASAKA,<br>ABC INSURANCE COMPANY,<br>AVIS RENT A CAR SYSTEM, LLC,<br>DEF INSURANCE COMPANY, | |
| Defendant. | |

### SINDHUJA DASAKA AND AVIS RENT A CAR SYSTEM, LLC'S EMERGENCY MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

Defendants Sindhuja Dasaka and Avis Rent A Car System, LLC ("Avis"), by their attorneys, Crivello, Nichols & Hall, S.C., submit the following emergency motion to enforce the settlement agreement reached at mediation on June 5, 2024.

### PERTINENT FACTS

As the Court is aware, this matter arises out of a July 3, 2022 motor vehicle accident in Yellow Stone National Park involving Plaintiff Mr. Newton and Defendant Sinduja Dasaka. Ms. Dasaka was operating a rental vehicle at the time of the accident. Plaintiff alleged that jurisdiction in this matter was proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising from the laws of the United States. (Dkt. 46).

On May 21, 2024, the Court held a Final PreTrial Conference in this matter. In addition to their counsel Attorney Wick, Plaintiffs Mr. and Mrs. Newton appeared at the Final PreTrial Conference in person. In advance of the Final PreTrial Conference, Defendants filed a PreTrial

Report (Dkt. 38) and various Motions in Limine (Dkt. 33 and 35). The Court granted many of Defendants' Motions in Limine. In addition, the parties stipulated on the record that Defendant Avis and its related entities' potential financial responsibility in this matter is limited to no more than $100,000 for the bodily injury claim and that there is no other self-insurance or insurance applicable to this matter. Defendants previously provided Plaintiffs signed Interrogatory responses regarding Avis' financial responsibility under the law and Ms. Dasaka's lack of insurance. (Davis Aff. Ex. A). The Court issued an Order summarizing the Final PreTrial Conference which set forth its rulings on the Motions in Limine and the parties' stipulation regarding the $100,000 limit. (Dkt.45).

At the Final PreTrial Conference, the Court discussed with all the parties, including Mr. and Mrs. Newton, the possibility of further settlement discussions and the pros and cons of taking this matter to trial. The Court then ordered, with the agreement of the parties, that the parties undergo mediation with Magistrate Judge William E. Duffin. (Dkt. 44). On May 23, 2024, Attorney Wick and Attorney Davis had a conference call with Judge Duffin regarding the terms of the mediation. (Dkt. 47). Judge Duffin scheduled mediation for June 5, 2024 to begin at 9 a.m. Judge Duffin also ordered that the parties submit mediation statements to him regarding the case. (Dkt. 48). Attorney Wick submitted a mediation statement to Judge Duffin on behalf of Plaintiffs. Plaintiffs' mediation statement once again acknowledged that Avis and its related entities' potential financial responsibility in this matter is limited to no more than $100,000 for the bodily injury claim. (Davis Aff. Ex. B).

On June 5, 2024, Judge Duffin conducted the mediation. Along with counsel for Plaintiff, Attorney Schmidt, Plaintiffs Mr. and Mrs. Newton participated in the mediation in person. Attorney Davis appeared for the mediation in person on behalf of Defendants. The mediation

took several hours. Judge Duffin spent the vast majority of his time with Plaintiffs. The mediation was successful. A settlement was finally reached to resolve this matter and dismiss this entire lawsuit on the merits, with prejudice. Attorneys Davis, Attorney Schmidt and Mr. Newton and Mrs. Newton all authorized the acceptance of the settlement.

The parties agreed that Defendants would pay Plaintiffs' $100,000 for their bodily injury claim and $8844.12 for Plaintiffs' property damage claim and the parties would sign the appropriate releases and this matter would be dismissed on the merits, with prejudice. There was nothing unusual about the settlement that was reached. This was a typical settlement that occurs in a typical motor vehicle accident case such as this one. The parties understood that Plaintiffs intended to continue to pursue an underinsured motorist claim against their own insurance company and potentially file a separate lawsuit against Plaintiffs' own insurance carrier.

On June 6, 2024, Judge Duffin issued a written Court entry indicating that the parties resolved the case at the June 5, 2024 mediation. (Dkt. 49). On June 6, 2024, the Court issued an Order reflecting that the parties had reached a settlement at the mediation with Judge Duffin. The Court vacated all deadlines in the case and ordered the papers to complete all the appropriate settlement documents within 30 days, including a motion to dismiss or stipulation of dismissal. (Dkt. 50). Based on the settlement and the Court order, Attorney Davis submitted a proposed Release and proposed Stipulation and Order for Dismissal to Attorney Wick. (Davis Aff. Ex. C). Attorney Wick suggested some minor proposed changes to the Release language. (Davis Aff. Ex. D). The substance of the Releases were identical and both indicated that the parties had agreed to a settlement where Defendants would pay Plaintiffs' $100,000 for their bodily injury claim and $8844.12 for Plaintiffs' property damage claim and Plaintiffs would release all claims

against Defendants and their related entities and this matter would be dismissed on the merits, with prejudice.

To Defendants' surprise, on June 18, 2024, Attorney Wick filed a letter with the Court and a Motion to Withdraw As Counsel. (Dkt. 51 and 53). In Attorney Wick's Motion, he specifically indicated that the parties reached a settlement at the June 5, 2024 mediation with Judge Duffin. (Dkt. 51, ¶ 4). On June 21, 2024, Plaintiff Mr. Newton filed a letter with the Court indicating that he no longer wanted Attorney Wick as his counsel. (Dkt. 54). Attorney Wick is the second attorney that Plaintiffs have parted ways with in this matter. On June 26, 2024, Attorney Wick filed a letter (with an attached email) to the Court responding to Mr. Newton's June 21, 2024 letter. (Dkt. 55 and 55-1). Attorney Wick attempted to explain the inaccuracies in Mr. Newton's letter and once again explained the available insurance in this matter. (Dkt. 55 and 55-1).

On June 28, 2024, the Court held a hearing on Attorney Wick's Motion to Withdraw As Counsel. The Court granted Attorney Wick's Motion to Withdraw As Counsel. Mr. Newton indicated that he intends to find a new attorney and for the first time officially indicated that Plaintiffs wanted to back out of the settlement. The Court granted Defendants permission to file a motion to enforce the settlement. (Dkt. 57). Defendants have not had any contact from Plaintiffs since the June 28, 2024 hearing. Plaintiffs have not notified Defendants that they have retained a new attorney.

## **ARGUMENT**

Through Magistrate Judge Duffin's hard work, the parties reached a settlement agreement and "agreed to the resolution of the case." (Dkt. 49). That settlement agreement cannot be timely finalized and disbursed because Plaintiffs are now refusing to sign off on final settlement papers

and abide the by the terms of the agreement that Plaintiffs Mr. and Mrs. Newton and Attorney Wick agreed to. Defendants submit this motion to enforce the terms of the settlement and to prevent Plaintiffs from backing out of a mediated settlement agreement with a federal magistrate judge.

When federal law governs the substantive rights of the parties and provides the basis by which to bring a case into federal court then the enforceability of the settlement agreement must be decided as a matter of federal law. *Wilson v. Wilson*, 46 F.3d 660, 667 (7th Cir. 1995). Plaintiffs brought this matter under 28 U.S.C. § 1331. An oral agreement to settle claims is enforceable under federal law. *Lyles v. Commercial Lovelace Motor Freight, Inc.*, 684 F.2d 50, 504 (7th Cir. 1982); *Taylor v. Gordon Flesch Co.*, 793 F.2d 858, 862 (7th Cir. 1986); *Glass v. Rock Island Ref. Corp.*, 788 F.2d 450 (7th Cir. 1986).[1] A plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute is bound by an oral or written settlement. *Lyles*, 684 F.2d at 504; *Taylor*, 793 F.2d at 862.

Whether an agreement was reached hinges on whether offer, acceptance and consideration all existed in the oral settlement agreement. *Taylor*, 793 F.2d at 862. This is easily met in this matter. The parties all agreed to settle this entire dispute for $100,000 for their bodily injury portion of the claim and $8844.12 for property damage portion of the claim. This arrangement was codified in the record and overseen by Magistrate Judge Duffin. (Dkt. 49). Now, only *after* mediation, Plaintiffs apparently became upset with Attorney Wick and upset with the settlement that they had specifically agreed to. It appears that Plaintiffs, without any basis, are attempting to claim that Magistrate Judge Duffin, their counsel Attorney Wick and

---

[1] Similar to Federal law, Wyoming law allows for the enforcement of oral settlement agreements. *Kendrick v. Barker*, 201 WY 2, 15 P.3d 734 (2001).

Attorney Davis all conspired to force them into a straightforward settlement of a motor vehicle accident case.

Plaintiffs cannot undo the settlement agreement that all the parties reached on June 5, 2024. Plaintiffs and their counsel Attorney Wick accepted the mediated settlement proposal. Judge Duffin placed the settlement into the court record. (Dkt. 49). As a result of this, Judge Griesbach entered an Order acknowledging a settlement had been reached and vacated all case deadlines and ordered the parties to complete the final settlement paperwork within 30 days. (Dkt. 50). The only remaining issue was to reduce this arrangement to writing, something that is not required to render a settlement agreement enforceable under federal law. *See Lyles, Taylor.*

Regardless, the reduction to writing did occur. First, Judge Duffin, the individual who mediated the case, acknowledged the settlement and placed it into the Court record. (Dkt. 49). Second, Judge Griesbach issued an Order acknowledging the settlement and vacating all deadlines. (Dkt. 50). Finally, Attorney Davis and Attorney Schmidt exchanged proposed releases based on the settlement and agreed to a standard Stipulation and Order for Dismissal document. (Davis Aff. Ex. C and Ex. D). The parties' exchanged releases were substantively identical. (Davis Aff. Ex. C and Ex. D). They were for the exact same settlement amount and agreed to the release of all claims against Defendants and their related entities. (Davis Aff. Ex. C and Ex. D). Even in his Motion to Withdraw As Counsel, Attorney Schmidt confirmed that a settlement was reached at mediation. (Dkt. 51). The only issue is that Plaintiffs are attempting to back out of the settlement and refuse to sign the necessary documents such as the Stipulation and Order for Dismissal and Release. Based on *Lyles* and *Taylor*, Judge Duffin's entry of the settlement into the Court record, Judge Griesbach's Order regarding the settlement, and the written releases and stipulation and order for dismissal exchanged between the parties, Plaintiffs should not be

allowed to break up the enforcement of the agreement. The parties clearly agreed on an offer of $100,000 for their bodily injury portion of the claim and $8844.12 for property damage portion of the claim in exchange for the release of all claims and dismissal of the suit with prejudice. Plaintiffs inexplicable conduct post-mediation should not preclude the enforcement of a settlement that all parties clearly agreed to at the mediation.

## CONCLUSION

Based on the foregoing reasons, Defendants Sindhuja Dasaka and Avis Rent A Car System, LLC respectfully ask the Court to grant Defendants' Motion to Enforce the Settlement Agreement and enforce the settlement that Judge Duffin facilitated and the parties agreed to at the June 5, 204 mediation and dismiss this matter in its entirety, on the merits, with prejudice and award Defendants costs for being forced to bring this motion.

Dated this 26th day of July, 2024.

CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendants

By: /s/ Zachary J. Davis
ZACHARY J. DAVIS #1037917
JEFFREY T. NICHOLS # 1001631
710 N. Plankinton Avenue
Milwaukee, WI 53203
Phone: 414-271-7722
jnichols@crivellocarlson.com
zdavis@crivellocarlson.com